## COMMONWEALTH vs. ABBOTT A. JENKINS.

Worcester. Sept. 30. — Oct. 27, 1884. C. ALLEN & COLBURN, JJ., absent.

A hotel, in which intoxicating liquors were licensed to be sold, was situated on
C. Street. A building occupied by a public school was situated on a lot bound-
ing on C. Street and on W. Street. It was twenty-three feet from the line of
C. Street, and fronted on W. Street, and had its entrances therefrom; and was
within four hundred feet of the hotel. There was an entrance into the cellar
of the school-house, which was used only by the janitor, by passing through
a door, which was usually kept locked, in a fence, and crossing a portion of the
lot abutting on C. Street, fenced off from the rest of the lot, and occupied in
part by an engine-house built in the rear of the school-house. *Held*, that the
hotel was not " on the same street" with the school-house, within the meaning
of the St. of 1882, c. 220

INDICTMENT under the Pub. Sts. c. 101, §§ 6, 7, for keeping
and maintaining a common nuisance, to wit, a certain tenement
in Clinton used for the illegal sale and illegal keeping of intoxi-
cating liquors, on May 1, 1883, and on divers other days and
times between that day and September 1, 1883. Trial in the
Superior Court, before *Aldrich*, J., who allowed a bill of excep-
tions, in substance as follows:

It was admitted that the defendant kept liquors for sale at the
Clinton House hereinafter described; and that he had a license
therefor of the first class, dated May 1, 1883; but the govern-
ment contended that the license was void, because granted for
the sale of intoxicating liquors in a building on the same street
within four hundred feet of a building occupied in whole or in
part by a public school. The Clinton House is situated on the
corner of High Street and Church Street in Clinton, and is used
as a hotel, having an entrance on each street. On the corner of
Church Street and Walnut Street there is a lot of land belong-
ing to the town of Clinton, fronting one hundred and fifty feet
on Church Street and one hundred and twenty feet on Walnut
Street, upon which is a school-house. All but forty-five feet on
the westerly end of the Church Street front is fenced and walled
off, and used as hereinafter described. Said forty-five feet front
is used as a site for an engine-house, and has no connection with
the rest, except that a door under lock and key in a high board
fence affords entrance to the engine-house lot. The engine-

house stands sixteen feet from the line of the street, and a face wall surmounted by a picket fence runs on the east line of the engine-house lot a distance of twenty-three feet from the line of the street to and flush with the rear wall of the school-house, which fronts on Walnut Street, and is twelve feet distant from the engine-house. Neither building has any connection with the other, except that a rear cellar door of the school-house, which is used only by the janitor, opens into the engine-house lot. No entrance into said cellar can be had from Church Street without crossing the engine-house lot through the door in said board fence. The school building has been, for more than two years past, occupied by a public school, and has its entrances from Walnut Street. It is twenty-three feet from the line of Church Street, and the lot upon which it stands is fenced in on Church Street and Walnut Street with a picket fence, and has been so fenced during all the time it has been used for school purposes; it has never had an opening on the Church Street side of said fence, and has never had an entrance or exit on said side, or any relation to said street, except as hereinbefore stated. Intervening buildings on Church Street cut off all view of the Clinton House, and no communication can be had therewith from the Church Street side, except through the engine-house lot, or by making an entrance through said fence and thence into Church Street. The Clinton House and the school-house are three hundred and fifty and four tenths feet apart on an air line, and less than four hundred feet by the line of the street.

The defendant asked the judge to rule that, upon this evidence, the defendant could not be convicted; but the judge declined so to rule. The jury returned a verdict of guilty ; and the defendant alleged exceptions.

*J. W. Corcoran,* for the defendant.

*E. J. Sherman,* Attorney-General, for the Commonwealth.

FIELD, J. The question is whether there was sufficient evidence to warrant the jury in finding that the school-house was on the same street as the Clinton House, within the meaning of the St. of 1882, *c.* 220. We think the rule must be, that where a school-house does not itself abut upon a street, but the lot on which the school-house stands does, the school-house must be taken to be upon the street or streets from which its entrances

are, and with which it is connected by the use made of it as a school-house. The entrance to the cellar across the engine-house lot, which was used only by the janitor, is not such a connection with Church Street that the school-house can be said to be on that street, within the meaning of the statute.*

*Exceptions sustained.*

---

* Section 1 of this statute, which took effect May 12, 1882, is as follows: "No license of the first, second, or third class, under the provisions of chapter one hundred of the Public Statutes, shall be granted for the sale of intoxicating liquors in any building or place on the same street within four hundred feet of any building occupied in whole or in part by a public school."