COMMONWEALTH *vs.* PATRICK F. HEAGANEY.

Worcester. Sept. 30. — Oct. 27, 1884. C. ALLEN & COLBURN, JJ., absent.

A building, in which intoxicating liquors were licensed to be sold, and a building occupied by a public school, were situated within a triangle formed by three streets, M., C., and U., and within four hundred feet of each other. The lot on which the first-named building stood fronted on U. Street, and ran through to M. Street, the latter street having a lower grade than the former, so that there was a cellar basement in the building with doors opening into the lot on the M. Street side, where the building was thirty feet distant from the street. The room in the building where the liquors were sold opened into a common hall-way, from which stairs led into the basement. The school-house faced an angle made by the junction of M. Street and C. Street, and had entrances from both, the lot being enclosed by a fence with a gate at the entrance from each street. *Held*, that it was competent for a jury to find that both buildings were "on the same street," within the meaning of the St. of 1882, *c.* 220.

INDICTMENT under the Pub. Sts. *c.* 101, §§ 6, 7, for keeping and maintaining a common nuisance, to wit, a certain tenement in Clinton used for the illegal sale and illegal keeping of intoxi-cating liquors, on May 1, 1883, and on divers other days and times between that day and September 1, 1883. Trial in the Superior Court, before *Aldrich*, J., who allowed a bill of exceptions, in substance as follows:

It was admitted that the defendant kept liquors for sale; and that he had a license therefor, of the first class, dated May 1,

---

1883; but the government contended that the license was void, because granted for the sale of intoxicating liquors in a building on the same street within four hundred feet of a building occupied in whole or in part by a public school. Mechanic Street, Chestnut Street, and Union Street in Clinton form a triangle enclosing the building where the defendant was licensed to sell intoxicating liquors and the school-house hereinafter described. The building fronts on Union Street, and is built with reference to its grade and has its entrance therefrom; but the lot runs from Union Street through to Mechanic Street, the latter being in elevation more than an entire story lower than the former, so that there is a cellar basement to said building with doors opening into the lot on the Mechanic Street side, where the building is thirty feet distant from the street. The only means of communication between said basement and the rest of the building is by ordinary cellar stairs, which are used in common by all the tenants in the building. The defendant carried on business under his license on the first floor of the building fronting on Union Street, and had no communication with the basement except by leaving his rooms and going into a common hallway, whence said stairs led to the cellar; and there was no entrance from Mechanic Street into the defendant's place of business except as above stated, nor from any street except Union Street. Within the enclosure made by said streets, and within four hundred feet in a direct line, or measuring from said building on Mechanic Street, stands a school building which, for more than two years past, has been occupied by a public school. The school building faces the angle made by the junction of Chestnut Street and Mechanic Street, and has entrances across the lot from both, the lot being enclosed by a fence with a gate at the entrance from each street.

The defendant asked the judge to rule that, upon this evidence, the defendant could not be convicted; but the judge declined so to rule. The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. W. Corcoran*, for the defendant.

*E. J. Sherman*, Attorney General, for the Commonwealth.

FIELD, J. We think that the school-house was on both Chestnut Street and Mechanic Street, because the entrances to it were

from both streets. *Commonwealth* v. *Jenkins, ante,* 572. The remaining question is whether there was sufficient evidence that the defendant's " building or place " was on Mechanic Street, within the meaning of the St. of 1882, *c.* 220. We think it was competent for the jury, on the evidence, to find that there was a back entrance to the defendant's premises from Mechanic Street, and that the premises were on that street, within the meaning of the statute. *Exceptions overruled.*