## COMMONWEALTH *vs.* ANDREW J. EVERSON.

Franklin.　Oct. 30, 1885. — Jan. 7, 1886.　FIELD & C. ALLEN, JJ., absent.

It is a question of fact for the judge presiding at the trial in the Superior Court, on appeal, of a criminal case, to determine, upon an inspection of the paper, whether certain marks in ink on the record of the trial justice, transmitted by him, operated as an erasure and cancellation of the attestation of the trial justice; and no exception lies to his decision upon this question.

At the trial of a complaint for unlawful sales of intoxicating liquors, it appeared that the defendant had a license; that the front of the defendant's premises was on L. Street; that on M. Street there was a building used as a public school, within four hundred feet of an alleged entrance to the defendant's premises; that between M. Street and the defendant's premises was land of one T., bounding the defendant's premises upon the entire easterly side; that about twenty feet west of M. Street, and nearly parallel therewith, a fence had been erected throughout the entire length of T.'s lot, leaving that part upon M. Street unfenced; that through this fence there was a picket gate, to which a footpath proceeded from a door on the east side of the licensed tenement across land of the defendant and of T. to the gate, and thence across the other land of T. to M. Street. The judge instructed the jury that, if they were satisfied that M. Street, as used and occupied by the public, adjoined the defendant's premises, and there was an entrance thereto from M. Street, they should find that the defendant had no license; that it made no difference as to the legal title to the land adjoining the street; if it adjoined the street as used by the public, and as used by school children going to and from school, the defendant ought to have no license. *Held,* that the instructions were erroneous in omitting to submit to the jury the question whether the gate was open for the use of all persons having occasion to go to the defendant's premises from M. Street.

COMPLAINT, in several counts, to a trial justice, for unlawful sales of intoxicating liquors. At the trial, in the Superior Court, on appeal, before *Bacon*, J., the jury returned a verdict of guilty; and the defendant alleged exceptions, which appear in the opinion.

*H. Winn,* for the defendant.

*E. J. Sherman,* Attorney General, for the Commonwealth.

GARDNER, J. 1. Duly certified copies of the complaint and warrant were sent by the trial justice to the Superior Court. Copies of the officer's return, certificates of witnesses, memorandum of recognizance, conviction or judgment, costs and proceeding of appeal, were upon one piece of paper, purporting to be a true copy of record, attested by the signature of the trial justice. The defendant contended in the Superior Court that

this paper had upon it marks of cancellation in ink; and moved to "quash the complaint and all proceedings under the same, because no duly certified and proper copy of conviction of the defendant" had been transmitted to the court. This motion was overruled; and to this ruling no exception lies. It was a question of fact for the presiding judge to determine, upon inspection of the paper, whether the marks in ink upon it operated as an erasure and cancellation of the words, "A true copy. Attest: Samuel D. Bardwell, trial justice;" — and his decision thereon is not subject to revision by this court. *Learnard* v. *Bailey*, 111 Mass. 160.

2. One of the questions raised at the trial was whether the building or place of the defendant was on Monroe Street, upon which it was conceded that there was a building used as a public school within four hundred feet of an alleged entrance to the defendant's premises. The bill of exceptions shows that the front of the defendant's house was on Liberty Street; and that between Monroe Street and the defendant's premises was land of one Thayer, bounding the defendant's premises upon the entire easterly side. About twenty feet west of Monroe Street, and nearly parallel therewith, a fence had been erected throughout the entire length of the Thayer lot, leaving that part upon Monroe Street unfenced. In this fence was a picket gate, to which a footpath proceeded from a door on the east side of the licensed tenement across land of the defendant and of Thayer to the gate, and thence across the other land of Thayer to Monroe Street. The government contended that the premises of Thayer west of the fence were used and occupied by the defendant; and that his lot east of the fence had been used by the public to pass over on foot and with horses and carriages, so as to become practically a part of Monroe Street.

The presiding judge instructed the jury, that, if they were satisfied that Monroe Street, as used and occupied by the public, adjoined these premises, and there was an entrance thereto from Monroe Street, they should find that the defendant had no license; that it made no difference as to the legal title to the land adjoining the street; "if it adjoins the street as used by the public, and as used by school children going to and from school, the defendant ought to have no license."

We think, in these instructions, there is an important omission. Whether the picket gate through the fence afforded such an entrance from the defendant's building and place to Monroe Street as to make them on the same street with the building occupied as a public school, depended upon its use, — whether it was fastened, or open to any one who might want to go through to the defendant's premises. The attention of the jury should have been called to this question. If the entrance through the gate was used for a special purpose, and not for the use of all persons going to and from the licensed premises, then it may not have had such a connection with Monroe Street that the defendant's premises can be said to be on the same street with the school-house. *Commonwealth* v. *Jenkins*, 137 Mass. 572. This was a question for the jury to determine, under proper instructions.

The latter part of the instructions given make no reference to any access to the defendant's premises from Monroe Street, and, for the reason before given, are in this respect defective.

*Exceptions sustained.*