COMMONWEALTH *vs.* JAMES McDONALD & another.

Middlesex.   January 29, 1894. — February 27, 1894.

Present: FIELD, C. J., ALLEN, HOLMES, & MORTON, JJ.

*Intoxicating Liquors — Licensed Premises and Public School on " same Street."*

Adjoining portions, intersected by another street, of a substantially straight thoroughfare in a city, although one portion, upon which is a building licensed for the sale therein of intoxicating liquors, is called A. Street, and the other portion, upon which is a building occupied by a public school within four hundred feet of the licensed premises, is called B. Street, and although laid out at different times, constitute the "same street," within St. 1882, c. 220.

COMPLAINT, for keeping and maintaining a certain tenement in Lowell, used for the illegal keeping and sale of intoxicating liquors, between May 1 and September 18, 1893.   At the trial in the Superior Court, before *Bond*, J., the following facts were agreed.

The defendants were duly granted by the board of aldermen of the city of Lowell a license of the first class to sell intoxicating liquors for and during the year commencing May 1, 1893, on certain premises situated at the corner of the easterly line of Concord Street and the southerly line of Andover Street in Lowell.   The licensed premises were entered from Concord Street, which was laid out by a resolution of the city council of Lowell dated July 10, 1849, and extended

southerly from the south side of Andover Street. Fayette Street, so called, in Lowell, was laid out by a resolution of the city council dated November 20, 1837, and extended northerly from the northerly side of Andover Street. Andover Street was laid out as a highway before the incorporation of the city of Lowell in 1836. The lines of Fayette Street form an angle of 2° 10′ with the lines of Concord Street. The easterly line of Fayette Street, if continued across Andover Street, would meet a point on the southerly line of Andover Street distant nine tenths of a foot from the intersection of the southerly line of Andover Street and the easterly line of Concord Street. Concord Street and Fayette Street are each forty feet wide. Since January 1, 1892, there has been located on Fayette Street a public schoolhouse, the entrance to which is from Fayette Street, within four hundred feet of the licensed premises. Since May 1, 1893, the defendants have carried on the business of selling intoxicating liquors on the licensed premises, and have used the licensed premises for such purpose. The following is a plan of the licensed premises, the streets, and the schoolhouse.

Upon the agreed facts, the defendants requested the judge to rule that they were not guilty. The judge refused so to rule, and ruled that the license granted did not authorize the defendants to sell intoxicating liquors on their premises, or to keep liquors with intent to sell them therein; that, upon the agreed facts, the defendants were guilty; and, by the agreement of the defendants if the judge ruled as stated, instructed the jury to return a verdict of guilty, subject to the defendants' exceptions.

*J. J. Harvey*, for the defendants.

*F. N. Wier*, District Attorney, for the Commonwealth.

HOLMES, J.   The mere fact that adjoining portions of a substantially straight thoroughfare have different names is no more conclusive against their being parts of the same street, within St. 1882, c. 220, than the fact that a building is numbered on one street is conclusive against its being on another, within the same act.   See *Commonwealth* v. *Whelan*, 134 Mass. 206, 210. So as to the date when the several parts were laid out.   The question of sameness must be determined with reference to the particular facts, of which the configuration of the way is the most important.   Doubtful cases near the line may be for the jury; but we feel competent to say that this was one street without their aid.                    *Exceptions overruled.*