CHARLES M. LANNING, PROSECUTOR, v. BOARD OF EX-CISE COMMISSIONERS OF THE CITY OF BURLINGTON.

Argued November 8, 1907—Decided February 24, 1908.

Under section 4 of chapter 114 of *Pamph. L.* 1906, *p.* 203, no license can be granted to sell spirituous liquors by less measure than one quart in any new place within two hundred feet of the cur-tilage of a church edifice, measured between the nearest point of the same and the nearest point of the building wherein such liquors are intended to be sold, notwithstanding the fact that the entrance to the latter building is more than two hundred feet distance from the church curtilage.

On *certiorari.*

Before Justices SWAYZE and TRENCHARD.

For the prosecutor, *Edwin Robert Walker* and *Frank S. Katzenbach, Jr.*

For the defendant, *Ernest Watts.*

The opinion of the court was delivered by

TRENCHARD, J.   This writ of *certiorari* brings up for review the following resolution of the board of excise com-missioners of the city of Burlington: *"Resolved,* That it appearing to the board that the building for which Charles

M. Lanning has made application for a license to keep an inn and tavern is within two hundred feet of the curtilage of the Broad Street M. E. Church, the board has no authority under the law to consider the application of Mr. Lanning."

Assuming, but not deciding, that *certiorari* is a proper remedy in such case (*Stout* v. *Hopping,* 2 *Harr.* 471; *Ricardo* v. *Common Pleas,* 9 *Vroom* 182; *Benedict* v. *Howell,* 10 *Id.* 221; *East Orange* v. *Hussey,* 41 *Id.* 244), we are of the opinion that the resolution under review must be affirmed.

The reason relied upon by the prosecutor for setting aside the resolution is as follows:

"Because the hotel, for a license for which the prosecutor applied to the respondent, said board of excise commissioners of the city of Burlington, is not within two hundred feet of the curtilage of the respondent, Methodist Episcopal Church in the city of Burlington, N. J., within the meaning of the prohibition contained in section 11 of chapter 114 of the laws of 1906."

The statute in question is to be found in section 4 of chapter 114. *Pamph. L.* 1906, *pp.* 199, 203. The section is an amendment to a prior act, and so much of it as is pertinent to this case reads as follows:

"No license shall be granted to sell spirituous, vinous, malt or brewed liquors by less measure than one quart * * * in any new place within two hundred feet of the curtilage of a church edifice * * * measured between the nearest point of the same and the nearest point of the building wherein such liquors, or any of them, are intended to be sold."

In the present case the license applied for was for a "new place." The building wherein the liquors are intended to be sold is, if the entire building is considered, within twenty-five feet of the "curtilage of a church edifice," or, if we consider that part of the building only which is devoted to hotel purposes, within one hundred and fifty-six feet of such curtilage.

But it is contended by the prosecutor that he is relieved of the inhibition of the statute by the fact that the entrance

to the hotel is more than two hundred feet distant from the church curtilage.

We see no force in this contention.

The purpose of the legislature seems to have been clearly expressed in language unambiguous and definite. It is that no license shall be granted in a new place within two hundred feet of the curtilage of a church measured between the nearest point of the same and the "nearest point of the building wherein such liquors are intended to be sold."

Under these circumstances the pertinent rule was laid down in *Rudderow* v. *State, 2 Vroom* 512, by Mr. Justice Elmer thus:

"No principle is better settled, or more important to be faithfully adhered to by courts called upon to enforce written statutes, than that in the absence of ambiguity in the language used, no exposition shall be made which is in opposition to the express words, or, as the maxim is sometimes expressed, it is not allowed to interpret what has no need of interpretation."

To yield to the contention of the prosecutor would require an unjustifiable exposition of the statute in opposition to its express words.

The result is that the resolution brought up is affirmed, with costs.