(58 Misc. Rep. 639.)

## In re FINLEY.

(Supreme Court, Special Term, Kings County. April 28, 1908.)

1. INTOXICATING LIQUORS—CONSTRUCTION OF STATUTES.

    The Liquor Tax Law, Laws 1896, p. 45, c. 112, as amended by Laws 1897, p. 207, c. 312, should be liberally construed to accomplish the purposes of its enactment.

2. SAME—PLACES SUBJECT TO LICENSE—PROXIMITY TO CHURCH.

    Liquor Tax Law, Laws 1896, p. 66, c. 112, § 24, subd. 2, as amended by Laws 1897, p. 225, c. 312, § 16, forbids traffic in liquor in any place in the same street and within 200 feet of a building occupied exclusively as a church or schoolhouse. A saloon was situated on the corner of Fifth avenue and a cross-street. On the Fifth avenue side, and within 200 feet of a church property, were large double doors which had been used as a main entrance while the place was being operated under a previous license, but prior to the issuance of a liquor tax certificate they had been glassed over, the show windows on each side of the doorway being continued so as to pass in front of the doors, and a small side door on the cross-street, not within 200 feet of the church property, was used as the .ity entrance. The avenue entrance was not permanently blocked, and

appearances indicated that it was not meant to be. *Held*, that the entrance should be considered on Fifth avenue, and the distance of 200 feet should be measured from that doorway.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 29, Intoxicating Liquors, § 59.]

3. SAME—CONSTRUCTION OF STATUTES — BUILDING "USED EXCLUSIVELY AS CHURCH."

A house which was built for and had been used as a dwelling house was purchased by a church, but its structure was not changed. The parlor floor was used for services of the church and Sunday school, while the pastor in charge lived with his family on the second floor, keeping house with the usual accommodations and conveniences for that purpose. The third floor was occupied by a woman with her children, who superintended work done on the premises to some extent. *Held*, that the house was not used exclusively for church purposes within Liquor Tax Law, Laws 1896, p. 66, c. 112, § 24, subd. 2, as amended by Laws 1897, p. 225, c. 312, forbidding traffic in liquor in any place on the same street and within 200 feet of a building used exclusively as a church or schoolhouse.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 29, Intoxicating Liquors, § 59.

For other definitions, see Words and Phrases, vol. 8, p. 7234.]

Petition by J. D. Finley to revoke the liquor tax certificate issued to Valentine Davidson. Petition dismissed.

Sumner Bowman, for petitioner.
Wm. F. Haggarty, for respondent.

CRANE, J. Contrary to the contention of the respondent, the liquor tax law is to be construed liberally, that it may accomplish the purposes for its enactment. People ex rel. Cairns v. Murray, 148 N. Y. 171–175, 42 N. E. 584. There I consider the attempted closing of the main entrance of the saloon in question on Fifth avenue and the opening of the side door on Seventy-Sixth street a mere subterfuge, which the court should brush aside. The respondent's place where he is trafficking in liquor is situated on the corner of Fifth avenue and Seventy-Sixth street, in the borough of Brooklyn. When a previous license for this place was revoked and canceled by the court because of the failure to procure the requisite consents from dwelling house owners, the main entrance to the saloon was on Fifth avenue. Since then, and prior to the issuance of the certificate here sought to be revoked, this main entrance, consisting of large double doors, has been glassed over, the show windows on each side of the doorway being continued so as to pass over or in front of the door, and the small side door on Seventy-Sixth street is now used as the only entrance. The point to all this is that the entrance on Fifth avenue is within 200 feet of the property of the Bay Ridge Presbyterian Church, while the side door is beyond that limit. That the window extension is but a temporary closing of the Fifth avenue entrance, and a mere evasion of the law, is quite evident from the exhibit, which shows the main door or entrance still open and ready for use and men standing in the doorway. The entrance is not permanently blocked up, and appearances indicate that it was not meant to be. I therefore, for the purposes of this case, consider the entrance to be on Fifth avenue, and the distance of 200 feet to be measured from that doorway.

There are, however, other considerations which prevent the granting of the petitioner's request. While I believe that the liquor tax law should be liberally construed in favor of schools, churches, and homes, and the liquor trafficker strictly held to the provisions which permit him to carry on such business in our midst, yet the court is bound to give those provisions a reasonable interpretation, and not construe them beyond their fair meaning or extend prohibitions to cases and situations which the law has not covered. In other words, the court can and should merely declare and enforce what the statute has enacted. Section 24, subd. 2 (Laws 1896, p. 66, c. 112, as amended by Laws 1897, p. 225, c. 312), specifying the places in which traffic in liquor shall not be permitted, includes any place which shall be on the same street and within 200 feet of a building occupied exclusively as a church or schoolhouse. On Seventy-Sixth street, and within 200 feet of the Fifth avenue entrance to this saloon, is a building purchased in July, 1907, by the Bay Ridge United Presbyterian Church for church purposes. It is for me to determine whether this building is used exclusively as a church within the meaning of the above statute. The house was built for and has been used as a frame dwelling house very much like the other homes and dwelling houses to be found in the suburbs, and its structure has not been changed since the purchase. The parlor floor is used for the services of the church and Sunday school, while the pastor or minister in charge lives with his family on the second floor, keeping house with the usual accommodations and conveniences for that purpose. The third floor is occupied by a woman with her children, who more or less looks after the work to be done on the premises. The building was built for a dwelling house, not for a church, and its construction has not been changed. Two families now live in it, and although the property is owned by a church organization and the parlor floor used for the usual and regular church and Sabbath school services, yet it is as much a dwelling as a church, and cannot be considered as used exclusively for the latter purpose without twisting the word "exclusively" from its usual meaning. The word "exclusively" means something, as was said in the Matter of Rupp, 55 Misc. Rep. 314, 106 N. Y. Supp. 483, which recognized that, when a building was used part as a church and part as a dwelling, the protection of the statute did not apply to it.

I have not overlooked the application of the word "exclusively" as made in People ex rel. Clausen v. Murray, 5 App. Div. 441, 38 N. Y. Supp. 609, 39 N. Y. Supp. 1130, and in People ex rel. Cairns v. Murray, 148 N. Y. 171, 42 N. E. 584, but the residence in the school building in those cases was merely incidental to and in aid of the purposes of the institution, and so slight in extent as not to deprive the school building of its exclusive character. A parsonage might be so connected with a church as to be really one building, and yet not deprive the church of its exclusive character within the protection of this law, but that cannot be said of the building in this case, which has never ceased to be used as a house to dwell in, with the exception of the first or parlor floor. It must, of course, be conceded by the petitioner that, even if the entire building is not used exclusively as a church as he claims, the parlor floor is so used, and therefore the

building is not used exclusively as a dwelling, requiring a consent from the owner in accordance with subdivisions 5 and 8 of section 17 of the act. Part of the house is used for dwelling, part for meeting rooms.

For the above reasons, I must dismiss the petition.