(125 App. Div. 676.)
### In re CLEMENT, State Excise Com'r.

(Supreme Court, Appellate Division, Second Department.　April 24, 1908.)

INTOXICATING LIQUORS—LICENSES—REVOCATION—GROUNDS—SALES AT PROHIBITED PLACES—STATE HOSPITALS.

> Liquor Tax Law, Laws 1896, p. 66, c. 112, § 24, subd. 1, as amended by Laws 1905, p. 145, c. 104, provides that traffic in liquor shall not be permitted in any building or upon any premises or lands established as a state hospital, etc., and if such building, premises, or lands be situated in a town, and outside the limits of an incorporated village or city, not within one-half mile of any building or lands so occupied, etc. Laws 1896, p. 69, c. 112, § 28, subd. 2, as amended by Laws 1900, p. 862, c. 367, § 7, provides that at any time after a liquor certificate has been issued it may be canceled for violation of the law.　Certain hospital buildings were situated on a tract containing some 800 acres belonging to the hospital and used for agricultural purposes by it, and appellants sold liquor at a place within 75 feet of the hospital lands, but more than one-half mile from the hospital buildings.　*Held*, that the land, as well as the buildings, were used for hospital purposes, and the lands of the tract adjacent to appellants' premises were as much a part of the hospital as those near the buildings, and her certificate was properly canceled.

Appeal from Special Term.

Petition by Maynard N. Clement, as State Commissioner of Excise, for an order revoking and canceling liquor tax certificate No. 24,331, issued to Jennie G. Cusic. From an order of the Special Term, canceling and revoking the certificate, the certificate holder appeals.　Affirmed.

Argued before WOODWARD, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Rowland Miles, for appellant.

Herbert H. Kellogg (Albert O. Briggs, on the brief), for respondent.

RICH, J.　The learned justice before whom the issues in this proceeding were tried has found that the appellant violated the provisions of section 24 of the liquor tax law (Laws 1896, p. 66, c. 112, subd. 1, as amended by Laws 1905, p. 145, c. 104), in carrying on the traffic in liquor within one-half mile of any building, premises, or lands occupied as a state hospital.　The statute provides that:

"Traffic in liquor shall not be permitted:　(1) In any building or upon any premises or lands established as a penal institution, protectory, industrial school, asylum, state hospital, state agricultural and industrial school, colony or institution established for the care or treatment of epileptics, or poorhouse, and if such building, premises or lands, other than a county jail or state prison, be situated in a town and outside the limits of an incorporated village or city, not within one-half mile of any building, premises or lands so occupied, provided there be such distance of one-half mile between such building, premises and lands and the nearest boundary line of such village or city."

It appears that the Long Island State Hospital is located at Kings Park. The hospital buildings are upon a tract of land containing something over 800 acres, belonging to the hospital and used for its purposes. The buildings are situate more than one-half a mile from the place where appellant conducts her business; but the hospital lands bound her property on three sides and are within 75 feet of that place. Section 28, subd. 2, of the liquor tax law (Laws 1896, p. 69, c. 112, as amended by Laws 1900, p. 862, c. 367, § 9), provides:

"At any time after a liquor tax certificate has been issued * * * said liquor tax certificate may be revoked and canceled if material statements in the application of the holder of such certificate were false, or if the consents required by section seventeen are not properly filed, * * * or if the holder of said certificate was not for any reason entitled to receive or hold the same, or to traffic in liquors, or if any provision of this act is violated at the place designated in said certificate as the place where such traffic is to be carried on by the holder of said certificate, or by his agent, servant, bartender or any person whomsoever in charge of said premises. * * *"

It is conceded that appellant sold liquor at her premises at the time stated in the petition. It is urged, however, that because the lands of the hospital which are within one-half mile of her place where the liquor is sold are used for agricultural purposes the prohibition does not apply. This would be a strained and unreasonable construction, and one not intended by the Legislature. The language is plain and unmistakable; the true intent and meaning thereof being that the traffic in liquors may not be carried on within one-half mile of any building or lands established as a state hospital. The fields as well as the buildings are used for hospital purposes, and the lands of the contiguous tract are as much the lands of the hospital as those lying directly underneath.

It is claimed by the learned counsel for appellant that respondent is estopped because of a former adjudication between these same parties. That was a proceeding instituted by the petitioner here, in which he asked for the cancellation of another certificate upon a different state of facts. It was stipulated in that proceeding that the liquor alleged to have been sold was legally sold, and the order in that proceeding was reversed, because it stipulated that the business was lawful. As a matter of fact it now appears it was not lawful and the certificate was illegally obtained, and this is true of the one now before us for consideration; but the learned justice at Special Term has decided to direct the cancellation on the one ground, to wit, that appellant has violated the provision of the liquor tax law. We have concluded to affirm his order on that ground.

Order affirmed, with $10 costs and disbursements. All concur.