**In re CLEMENT, State Excise Com'r.**

(Supreme Court, Appellate Division, Second Department.   April 24, 1908.)

Appeal from Special Term.

In the matter of the petition of Maynard N. Clement, as State Commissioner of Excise, for an order revoking and canceling liquor tax certificate No. 24,302, issued to Julius N. Burr.   From an order revoking the certificate, the certificate holder appeals.   Affirmed.

Argued before WOODWARD, HOOKER, GAYNOR, RICH, and MILLER, JJ.

PER CURIAM.   Order affirmed, with $10 costs and disbursements, on the opinion in the Matter of Clement, as State Commissioner of Excise (decided herewith) 110 N. Y. Supp. 57.

---

**In re CLEMENT, State Excise Com'r.**

(Supreme Court, Appellate Division, Second Department.   April 24, 1908.)

Appeal from Special Term. ·

In the matter of the petition of Maynard N. Clement, as State Commissioner of Excise, for an order revoking and canceling liquor tax certificate No. 24,304, issued to John Lawson.   From an order revoking the certificate, the certificate holder appeals.   Affirmed.

Argued before WOODWARD, HOOKER, GAYNOR, RICH, and MILLER, JJ.

PER CURIAM.   Order affirmed, with $10 costs and disbursements, on the opinion in the Matter of Clement, as State Commissioner of Excise (decided herewith) 110 N. Y. Supp. 57.

---

(125 App. Div. 710.)

**In re HARTEAU et al.**

(Supreme Court, Appellate Division, Second Department.   April 24, 1908.)

1. TRUSTS—EXECUTION BY TRUSTEE—SURPLUS INCOME — RIGHTS OF NEXT EVENTUAL ESTATE.

1 Rev. St. (1st Ed.) p. 726, pt. 2, c. 1, tit. 2, § 40, provides that when, in consequence of the valid limitation of an expectant estate, there shall be a valid suspense of the power of alienation, or of ownership, during the continuance of which the rents and profits shall be undisposed of, and no valid direction for their accumulation is given, such rents and profits shall belong to the persons presumptively entitled to the next eventual estate.   1 Rev. St. (1st Ed.) p. 773, pt. 2, c. 4, tit. 4, § 2, makes the provision applicable to future estates in personal property.   A will giving property to trustees provided for certain annual payments to testator's widow and niece, with an equivalent lump sum to the niece upon the widow's death, at which time the remainder, with the exception of a sum set aside for a statue, passed to charitable institutions.   A corporation in which testator owned shares doubled its capital stock, gave its stockholders the option to purchase the increase, and declared a 100 per cent. dividend for the express purpose of enabling them to do so. *Held,* that