## Dougherty et al. v. Kentucky Alcoholic Beverage Control Board et al.

June 20, 1939.

William B. Ardery, Judge.

Marion Rider for appellants.

H. Appleton Federa, Harry France and Bradley & Bradley for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

The case presents for construction and application the terms of that portion of the Alcoholic Beverage Control Law, Chapter 2, Acts of 1938, Kentucky Statutes

Supplement 1939, Section 2554b-97 et seq., prohibiting the issuance of a license for the sale of alcoholic beverages at retail in proximity to a school, hospital, church or other place of worship, with certain exceptions. Section 2554b-177, Kentucky Statutes Supp. 1939.

A hearing was had by the Alcoholic Beverage Control Board (Section 2554b-103) upon a charge that Joe Dougherty and Mark Mefford, partners, to whom a retail beer license had been granted, had made a false and material statement in their application therefor by stating that their premises are located 600 feet from such an institution, whereas they are located within less than 200 feet of a church. The Board held the charge not sustained. Citizens who had filed the complaint appealed to the Franklin Circuit Court for a review of that finding. Section 2554b-147 of the Statutes. The Court held otherwise and ordered the Board to revoke the license. The licensees appeal from that judgment, making the Board and the complaining citizens parties appellees. The Board asks only that its regulations be sustained.

The premises are in the southwest corner of the intersection of the Georgetown and Frankfort Highway and Iron Works Pike in the White Sulphur community of Scott County. The main entrance is on the highway. There is or was a side entrance on the Iron Works Pike though it has not been as frequently used by the patrons as the other one. On the pike south of the premises is the building which the citizens maintain is a church or place of worship within the meaning of the statute. It is 68 feet between the property lines and 84 feet between the buildings. It is less than 200 feet from the main entrance of the licensed premises on the highway to the other buildings around the corner on the pike.

The appellants contend that the building involved is not a church or place of worship within the meaning of the statute, and argue that as there was substantial evidence to sustain the finding of the Board that it is not such a place or institution the Board's decision may not be reviewed by the courts. The power of the Board in this relationship is to determine the facts and then apply the law. There being no contradiction as to the facts the decision of the Board as to whether they established the existence of a church or other place of worship with-

in the area defined by the statute was one of law. We do not understand that the provisions for judicial review, Section 2554b-147 Statutes, undertake to limit the judicial powers in that respect. The decision is reviewable by the courts. As stated by Mr. Justice Brandeis, in his separate opinion, in St. Joseph Stock Yards Company v. United States, 298 U. S. 38, 56 S. Ct. 720, 740, 80 L. Ed. 1033:

> "The supremacy of law demands that there shall be opportunity to have some court decide whether an erroneous rule of law was applied and whether the proceeding in which the facts were adjudicated was conducted regularly."

See Article in American Bar Journal, Vol. XXV, No. 6, page 453, by Hon. Malcolm McDermott, entitled, "To what extent should the decision of administrative bodies be reviewable by the courts?"

Before considering the issue as to the character of the use of the building, we examine the statute and the regulation promulgated by the Board for its application.

The pertinent portion of Section 2554b-177 of the Statutes (Section 75 of the Act) is as follows:

> "No license for the sale of alcoholic beverages at retail shall be granted for any premises which shall be located on the same street or avenue as, and within two hundred feet of a building occupied exclusively as a school, hospital, church or other place of worship, without the written permission of the governing authority of such church, school or hospital, except * * *. The measurement called for in this section shall be taken on the street or avenue on which the licensed premises are located in a straight line from the nearest property line of the real estate on which is located the building used for such school, hospital, church or other place of worship to the nearest property line, of the real estate on which is located the building for which a license is sought."

The regulation of the Board is as follows:

> "Licenses for the sale of Alcoholic Beverages at retail may be issued for premises located within 200 feet of the property line of a school, hospital, or church, or other place of worship if an entrance to the building used by the school, hospital or church

does not face on the same street on which an entrance to the premises to be licensed faces, even though the property line upon which the licensed premises are located may adjoin the property line of the property upon which is located a school, hospital, church or other place of worship. 'Church or other place of worship' is construed to mean a building which is owned by the religious organization exclusively using the building and which has a governing body.''

The *statute* describes the location of the antagonistic property as a ''building *occupied* exclusively'' by the institution also as a ''building *used* for such school, hospital, church or other place of worship.'' The *regulation* has undertaken to modify the statute and confine it to a building or institution that is ''*owned* by the religious organization exclusively using the building, and which has a governing body.'' The difference may be very material, for the property may be leased by those who occupy or use it as a church or place of worship. Indeed, the difference is presented in this case, for the record does not disclose who owns the property though it very definitely describes the character and nature of the exclusive occupancy and use. The statute says nothing about a ''religious organization'' and only implies that there should be a ''governing body'' in authorizing a ''governing authority'' to give permission for the licensing of a place for selling intoxicating liquor within the restricted area. See Beacon Liquors v. Martin, 279 Ky. 468, 130 S. W. (2d) 756.

The statute provides the method of computation for ascertaining whether the saloon will be within the protected area in specifying that it shall be on the street or avenue on which the ''licensed *premises* are located in a straight line *from the nearest property line of the real estate* on which is located the building used for such school, hospital, church or other place of worship *to the nearest property line, of the real estate* on which is located the building for which a license is sought.'' Section 2, Paragraph (23) of the Act, Section 2554b-98, Statutes, specifies:

'' 'Premises' or 'Licensed Premises' means and includes the *land* and building or buildings in and upon which any business regulated under this Act is operated or carried on.'' (Emphasis added.)

And Paragraph (9) specifies:

> " 'Building containing licensed premises' means and includes the licensed premises themselves and also any part of any building in which such premises are contained, any part of any other building connected with such building by direct access or by a common entrance."

The controlling factor is not the entrance to either building nor how they face. It is the location of the premises—the land on which the structure has been erected. The statute does not authorize the board to say that any other condition shall be the standard. In providing a different condition, with added emphasis that it shall control "even though the property line on which the licensed premises are located may adjoin the property line of the property upon which is located a school, hospital, church or other place of worship," the regulation contravenes the statute.

The circuit court held the regulation in both respects to be at variance with the statute, and, therefore, void. We concur in that conclusion. The case must be determined by the statute.

Was the building occupied or used exclusively as a school, church or other place of worship? It was formerly a public school building. About 1902 a community Sunday School began to be held there also. About 1914, after a new school house was erected, the citizens added to the building and converted it into a church and began to use it exclusively for Sunday School and religious purposes. An organized Sunday School has been held there regularly every Sunday since then. Preaching service is held every few weeks, and a series of revival services were conducted shortly before this complaint was filed with the Alcoholic Beverage Control Board. The property has been used and occupied for no other purpose. However, there is no church organization having a pastor or a board of stewards or deacons or similar officers.

Section 1, Paragraph (36) of the Act, Section 2554b-98, Statutes, specifies that where there is no statutory definition of the words used in the act they shall be "defined according to the custom and usage of the people of Kentucky." In the early days of Kentucky the usual place of worship of Protestants was a community or union church, without association or attachment to

any particular religious denomination. See the Baptist Church at Lancaster v. Presbyterian Church, 57 Ky. 635, 18 B. Mon. 635; County Board of Education v. Mill Creek Methodist Church, 242 Ky. 147, 45 S. W. (2d) 1026. Though less prevalent, the custom continues. As stated, an organized Sunday School has been conducted in the building regularly for twenty-five years or more. A Sunday School is a school for religious instruction and a period of religious worship primarily for and by children. It is the Church itself in action in its most fertile field. There is no room for doubt that this was a "church or other place of worship" within the contemplation of the protection afforded by the statute.

The appellants argue that as the statute refers to a location "on the same street or avenue" and does not refer to a public highway in the country, the restriction does not apply outside a city or town. We have pointed out that the word "highway" is commonly used to signify a public road in the country, and that a thoroughfare in a city or town is referred to or designated as a street; nevertheless that a street is a public way within the legal meaning of that term, although it was held that a statute and a city ordinance relating to discharging fire arms—the one on a public highway and the other on a city street—referred to different conditions. Commonwealth v. Vanmeter, 187 Ky. 807, 221 S. W. 211. Appellants rely upon that case. But in Forgy v. Rutledge, 167 Ky. 182, 180 S. W. 90, in construing the motor vehicle act, we stated that a public highway is not necessarily a street, though a street is necessarily a public highway because used for public travel.

It is a familiar rule of statutory construction that the entire act is to be considered with the judicial eye upon the historical setting, the public policy, the objects to be accomplished, the mischief intended to be remedied, and all other attendant facts and circumstances which throw intelligent light upon the intention of the law-making body. Sewell v. Bennett, 187 Ky. 626, 220 S. W. 517. The reason and spirit of the law must be considered. If a literal meaning of the language used would defeat the intention, such will not be given it for the real purpose of the legislature must prevail over the literal import of the words used. Hopkins v. Dickens, 188 Ky. 368, 222 S. W. 101; Mann v. Humphrey's Adm'x, 257 Ky. 647, 79 S. W. (2d) 17, 96 A. L. R. 584. It cannot be thought that the legislature intended to

leave schools, hospitals, churches and other places of religious worship in the country or unincorporated villages unprotected from the influences of places where intoxicating liquors are dispensed and at the same time intended to afford such protection in a town or city. There are many other features of this act which signify a contrary intention. Therefore, the term ''street or avenue'' must be given its generic sense of a public way of travel. Accordingly, it is held that the situation presented by this record came within the purview of the law.

The side entrance into the appellant's premises on the Iron Works Pike is less than 100 feet from the entrance of the church on the same throughfare, and this condition clearly excludes the place from being entitled to a license even under the regulation of the board. Since the filing of the complaint against them, the appellants have nailed up the side door. It seems necessary, therefore, to determine whether or not the premises, with its single entrance to the building on the highway just around the corner from the church, though within less than 200 feet thereof, brings the premises within the restricted area.

The analysis of the statute above made shows that the legislature expressly provided that the measurement shall be taken on the street or public way on which the licensed premises are located and a straight line drawn ''from the nearest property line of the real estate'' on which the church is situated ''to the nearest property line of the real estate on which is located the building for which the license is sought.'' That line is proved to be only 68 feet. As further stated, there is nothing in the statute about entrances, and the word ''premises'' is defined by the act to mean and include the land upon which the building or buildings in which the licensed business is conducted is situated. The appellants' building sits back from the pike a sufficient distance to permit the parking of automobiles. While the record does not disclose that beer was served out there, we observe nothing in the act prohibiting the service of beer on the licensed premises outside the buildings thereon. Were the statute not otherwise clear, this would fortify the view that it is the land upon which the building is located which is to be regarded rather than the building itself. This conclusion is likewise supported by the construction of similar statutes by other courts.

Except as may be otherwise specifically provided, it is uniformly held that the distance contemplated by a statute or regulation prohibiting the granting of a license for the sale of intoxicating liquor within a certain distance of a named institution or place, such as a church or school, must be measured in a straight line from and to the nearest points of the respective properties rather than in some other manner, such as by the usual traveled route or straight line. Note, 96 A. L. R 778, 780. Thus under a provision that no license should be granted for any place within 200 feet of the curtilage of a church edifice, and a requirement that the distance should be "measured between the nearest point of the same and the nearest point of the building wherein such liquors * * * are intended to be sold," the fact that the entrance to the building was more than that distance from the church curtilage was held immaterial. Lanning v. Board of Excise Commissioners, 76 N. J. L. 128, 68 A. 1083. The fact that the state hospital buildings were more than the prohibited distance away from a building in which liquor was sold was held immaterial under a provision prohibiting liquor traffic within one-half mile of a building, premises, or lands occupied as a state hospital (or other specified institution), In re Clement, 125 App. Div. 676, 110 N. Y. S. 57, where the lands themselves were within a few feet. And state hospital lands used for garden purposes were contemplated for the purpose of computing the distance. In re Brady, Sup., 106 N. Y. S. 921.

In Board of Trustees of Leland Stanford Junior University v. State Board of Equalization, 1. Cal. (2d) 784, 37 P. (2d) 84, 85, 96 A. L. R. 775, the statute under consideration prohibited the sale of intoxicating liquor within 1½ miles of "university grounds or campus upon which are located the principal administrative offices." A liquor license had been granted a pharmacy, which was 0.7 of a mile in the usual course of travel (but less in a straight line) from the nearest point on the boundary line of the campus, and was 2.25 miles in the usual course of travel, but only 1.345 miles in a straight line, from the administration building containing most of the principal administrative offices of the University. It was held that the distance should be measured from the campus limits and by a direct and straight line; hence that the license should be cancelled.

The appellants take the position that with the en-

trance of their establishment on the Georgetown and Frankfort Highway, it cannot be said that the place is located on the Iron Works Pike since it is not located on the same street or avenue. A building on a corner is located on both streets. Such is the construction given similar statutes. Thus the term "same street" as used in a Massachusetts statute providing that no license should be granted for the sale of intoxicating liquors in any building or place "on the same street" within 400 feet of a building occupied in whole or in part by a public school was construed to prohibit the granting of a license at a place on the corner of Concord and Andover Streets in the city of Lowell where there was a school within 400 feet on Fayette Street, which was a continuation of Concord Street. Commonwealth v. McDonald, 160 Mass. 528, 36 N. E. 483, 484.

Another case coming under that statute was one where liquors were sold under a license on the first floor of a tenement building fronting on Union Street with the lot running through to Mechanic Street, the latter being at an elevation more than an entire story lower than the former so that a door to the cellar or basement of the building opened at ground level of the lot abutting Mechanic Street 30 feet away. The only means of communication between the room in which the liquor business was conducted and the cellar door was through a hallway used in common by all tenants of the building and down ordinary cellar steps. Within the enclosure made by Union, Mechanic and Chestnut Streets—forming a triangle—there was a public school building facing the angle made by the junction of Mechanic and Chestnut Streets with entrances across the lot from both streets. The licensee was convicted on a charge of maintaining a common nuisance, to-wit, selling intoxicating liquors without a license, the commonwealth maintaining that the license the defendant had procured was void because obtained in violation of the statute. It was held that the school was on both streets and that the defendant's premises were also to be regarded as being on Mechanic Street within 400 feet in a direct line from the school and that the situation was covered by the statute, so that the conviction was affirmed. Commonwealth v. Heaganey, 137 Mass. 574. Appellants rely upon another case under the same statute (Commonwealth v. Jenkins, 137 Mass. 572), but the facts distinguish the case from the one at bar, or even the Heaganey case.

Under a statute providing that no license should be granted for the sale of liquor in any building or place within 200 feet "measured by any public traveled way of the premises of any public or parochial schools," it was held that a building on the corner of a street intersection on one of which streets there was a school and church was within the prohibition. Rice v. Board of License Commissioners, 36 R. I. 50, 88 A. 885, Ann. Cas. 1916C, 1189. See also Lockwood v. Mayor & Common Council of Town of Boonton, 88 N. J. L. 561, 97 A. 48; in re Finley, 58 Misc. 639, 110 N. Y. S. 71.

We are of opinion that since the license issued to the appellants was for a place prohibited by the law, the circuit court correctly adjudged that it should be revoked.

Judgment affirmed.

Whole Court sitting.

Mandate will issue immediately without prejudice to the appellants' right to file a petition for rehearing.