The HUNT CLUB, INC., Appellant,

v.

Harold MOBERLY, Commissioner of Alcoholic Beverage Control Board, etc., Appellees.

Court of Appeals of Kentucky.

Oct. 14, 1966.

William A. Young, Frankfort, for appellant.

Frank M. Dailey, Frankfort, for appellees.

HILL, Judge.

This appeal requires a construction of KRS 243.220 relative to the manner of measuring the distance from a church or school to a liquor store.

Appellant's application for a "special private club license" under KRS 243.270 was denied by the Alcoholic Beverage Control Board, and the Board's action was approved by the circuit court. Applicant appeals to this court.

Main Street and Broadway in Frankfort, Kentucky are parallel and run generally east and west. St. Clair and Ann Streets run north and south and connect Main and Broadway. A narrow one-way street, or alley, known as Lewis Street, is located between St. Clair and Ann Streets.

The premises for which a license is sought face west on St. Clair Street. The First Christian Church of Frankfort faces east on Ann Street, but the church owns and recently constructed to the rear of its main church building an educational building which extends to Lewis Street.

There is no rear entrance to the building for which a license is sought, although there was formerly one that is now closed. The only entrance to the premises is on St. Clair Street near the middle of the block. The building occupied by applicant does not extend back all the way to Lewis Street. There is a parking lot between the rear of the building and Lewis Street.

The pertinent part of KRS 243.220 is as follows:

" * * * no license for the sale of alcoholic beverages at retail shall be issued

for any premises that are located on the same street as, and within two hundred feet of, a building used exclusively as a church or for class rooms of a school, if the governing authority of the church or school, within ten days after receiving notice of the application for the license, files written protest with the state administrator against the issuance of the license. *The measurement shall be taken on the street* on which the licensed premises are located, in a straight line from the nearest outside wall of the building on the licensed premises to the nearest outside wall of the church or school building." (Our emphasis.)

By reading the latter part of the statute relative to making the "measurement," it is apparent the Legislature means that the measurement should be taken "on the street" where people travel, not as the crow flies. In the present case, the church and the premises for which license is sought are not on the same street. To get from one to the other it is necessary to turn two corners. Admittedly, if the measurement must commence on St. Clair Street, follow the street to Broadway or Main Street, and thence through Lewis Street to the church property, the distance is greater than the 200 foot prohibition of the statute. We hold that this is the measurement directed by the statute. This conclusion does no violence to the rule announced in Dougherty v. Kentucky Alcoholic Beverage Control Board, 279 Ky. 262, 130 S.W.2d 756, relied on by both appellant and appellees. Dougherty only stands for the proposition that where the liquor store is located on the corner the measurement may start from the nearest property line of the "premises" regardless of the entrance.

For other jurisdictions sharing our view of similar statutes, see Commonwealth v. Jenkins, 137 Mass. 572; Commonwealth v. McDonald, 160 Mass. 528, 36 N.E. 483; Reliable Wine & Liquor Shop v. Schemmelman, Sup., 115 N.Y.S.2d 474; Cup & Saucer Cottage Restaurant v. New York State Liquor Authority, 19 A.D.2d 597, 240 N.Y.S.2d 491, 13 N.Y.2d 1050, 245 N.Y.S.2d 771, 195 N.E.2d 455; State ex rel. Collins v. Keirnan, 240 Mo.App. 403, 207 S.W.2d 49.

It may or may not be ironical, but at the time of the hearing before the Board, it had licensed approximately seventeen other retail alcoholic beverage outlets on Main Street and Broadway all within 200 feet of the church property according to the measurement it used in the present case.

The judgment is reversed with directions that it be set aside and another entered directing the appellees to grant the license applied for.