COMMONWEALTH of Kentucky, ALCO-
HOLIC BEVERAGE CONTROL
BOARD, et al., Appellants,

v.

LEXINGTON JOHNNIE'S, INC.,
Appellee.

Supreme Court of Kentucky.

July 1, 1977.

---

Robert F. Stephens, Atty. Gen., Frank-
fort, R. Coleman Endicott, Lexington, for
appellants.

Rudy Yessin, Frankfort, for appellee.

PER CURIAM.

Lexington Johnnie's, Inc., filed a petition
for a declaration of rights seeking to have
the trial court resolve a controversy con-
cerning the proper construction of KRS
244.090(1)(a) and KRS 243.500(4). Both sec-
tions of the statute are a part of the act
governing the licensing and sale of alcoholic
beverages. Each section prohibits the em-
ployment by an establishment licensed to
sell alcoholic beverages of any individual
convicted of a felony or a misdemeanor.

Lexington Johnnie's, Inc., proposed to
employ Booker T. Jones who had previously
been convicted of the felony of knowingly
receiving stolen property. This felony was
not attributable directly or indirectly to the
use of intoxicating liquors.

The trial court concluded as a matter of
law that the construction of KRS 244.-
090(1)(a) and KRS 243.500(4) did not prohib-
it the employment of a convicted felon un-
less the conviction was directly or indirectly
attributable to the use of intoxicating li-
quors. The Alcoholic Beverage Control
Board appeals, asserting that felony convic-
tions and misdemeanor convictions occupy
distinct categories and that there is no qual-
ification regarding felony convictions;
therefore, the prohibition applies to all fel-
ons.

KRS 244.090(1)(a) provides:

"(1) No person holding any license un-
der KRS 243.020 to 243.670 shall know-
ingly employ in connection with his busi-
ness, in any capacity whatsoever, any
person who:

(a) Has been convicted of a felony or
of any misdemeanor or offense directly or
indirectly attributable to the use of intox-
icating liquors, within the last two (2)
years."

By way of emphasis, it is apparent that
employment is prohibited under circum-
stances where an individual has been con-
victed (1) "of a felony"; (2) "or of any
misdemeanor"; (3) "or offense directly or
indirectly attributable to the use of intoxi-
cating liquors".

Criminal offenses are defined in KRS
431.060 as follows:

"Offenses are either felonies or misdemeanors. Offenses punishable with death or confinement in the penitentiary are felonies. All other offenses, whether at common law or made so by statute, are misdemeanors."

The Kentucky Penal Code, KRS 500.080, defines felonies and misdemeanors in substantially the same language, with traffic violations being excepted from the definition of misdemeanors. As all offenses must be either felonies or misdemeanors, both categories (2) and (3) above must be classified as misdemeanors. Any doubt concerning the applicability of these two sections of the statute is put to rest by KRS 243.500(4) wherein it is provided that a license previously issued must be revoked or suspended for the following causes:

"If, within a period of two (2) consecutive years, there shall have been two (2) or more convictions of any licensee or of any of his clerks, servants, agents or employes for any violations of the terms and provisions of chapter 241, 243 or 244 or any act heretofore or hereafter in effect relating to the regulation of the manufacture, sale and transportation of alcoholic beverages or if, within such period, any licensee or any of his clerks, servants, agents or employes shall have twice been convicted of any felony or of any misdemeanor directly or indirectly attributable to the use of intoxicating liquors, or of one (1) such felony and one (1) such misdemeanor."

Here, the conclusionary statements of this particular subsection impose sanctions where a licensee or any of his clerks, servants, agents, or employees have been twice convicted of *any felony* or of *any misdemeanor directly or indirectly attributable to the use of intoxicating liquors*. Thus, in this subsection we have two distinct classifications, the first being a felony conviction and the second a misdemeanor conviction attributable to the use of intoxicating liquors. A reading of the two sections of the statute and an analysis of the ends sought lead to but one conclusion: No person convicted of a felony or an individual convicted of a misdemeanor which involves the use of intoxicating liquors may be employed in an establishment licensed to sell alcoholic beverages.

The clear intent of the Legislature in passing the act regulating the licensing and sale of intoxicating liquors is shown in KRS 244.120 wherein it is provided that "no person licensed to sell alcoholic beverages at retail shall cause, suffer, or permit the licensed premises to be disorderly or allow criminals and people of ill repute to congregate on the premises." If the Legislature intended to exclude as customers of such establishments criminals and people of ill repute, it is even more apparent that it intended to exclude from employment in such establishments persons who had been convicted of a felony, no matter the circumstances under which the conviction was had.

The conclusion of this court in regard to felonies is well within the bounds of rules of statutory construction concerning those of a like nature. In *Dougherty v. Kentucky Alcoholic Beverage Control Board*, 279 Ky. 262, 130 S.W.2d 756 (1939), this court said:

"It is a familiar rule of statutory construction that the entire act is to be considered with the judicial eye upon the historical setting, the public policy, the objects to be accomplished, the mischief intended to be remedied, and all other attendant facts and circumstances which throw intelligent light upon the intention of the law-making body. *Sewell v. Bennett*, 187 Ky. 626, 220 S.W. 517. The reason and spirit of the law must be considered. If a literal meaning of the language used would defeat the intention, such will not be given it for the real purpose of the legislature must prevail over the literal import of the words used. * * *."

This court is of the opinion that the operator of an establishment licensed to sell alcoholic beverages may not employ a person *who has been convicted of a felony* within two years prior to the date of employment.

The judgment is reversed for further proceedings consistent with this opinion.

All concur.