BOSLEY<br>vs.<br>MATTINGLY.

## Bosley vs. Mattingly.

### ERROR TO WASHINGTON CIRCUIT.

1. In the construction of statutes, where the intention is clear and explicit, and its provisions susceptible of but one interpretation, the evil, if any, must be corrected by legislation, not by the judiciary.
2. The Code of Practice, sec. 151, expressly authorizes a defendant when sued by ordinary petition, to plead and rely upon an equitable defense; and by sec. 9, it is provided, that in such case either party may have the suit transferred for final adjustment to the equity docket.

Judge SIMPSON delivered the opinion of the court.

This was an action by ordinary proceedings brought by Mattingly against Bosley for a debt due by note. The defendant filed an answer in which he stated that the note, upon which the action was brought, was executed solely in part consideration of the tavern house, and lots, and appurtenances thereto attached, now occupied by him in the town of Springfield, which the plaintiff had sold to him at the price of thirty-five hundred dollars.   That the contract of purchase was executory, and the plaintiff was wholly unable to comply with its terms, which required him to convey to the defendant a good title to the property, by a deed containing therein a covenant of general warranty.   He specified in his answer several de-

Case 19.

June 28.

Case stated.

fects which exist, as he alleged, in the the plaintiff's title, and called upon him for an exhibition of his title papers. He made other persons parties to his answer, on the ground that the title to an undivided fourth part of the property purchased by him from the plaintiff, was vested in them, and prayed for a rescision of the contract between the parties, and that an account be taken of rents and improvements.

On a subsequent day of the term, after the defendant had filed his answer, he moved the court to transfer the action to the equity docket, but the court overruled his motion, and, disregarding his answer, proceeded to render a judgment against him. To the refusal of the court, to transfer the action to the equity docket, the defendant excepted at the time, and has prosecuted a writ of error to reverse the judgment against him.

In support of the judgment, it is contended that when an action has been properly commenced by ordinary proceedings, no matters exclusively equitable, can be relied on as a defense, but that the eighth section of the Code of Practice, title one, only authorizes a change of the proceedings when it appears that the plaintiff should have adopted equitable instead of ordinary proceedings. It is argued that this construction should be given to the Code, because if a defendant, when he is sued upon a promissory note, can rely upon an equitable defense, and thereby prevent the plaintiff from recovering a judgment against him, until the matters involved in such a defense can be investigated, that the debt may be lost during the continuace of the litigation.

It may be proper, in giving a construction to a statute, to look to the effects and consequences, when its provisions are ambiguous, or the legislative intention is doubtful. But, when the law is clear and explicit, and its provisions are susceptible of but one interpretation, its consequences, if evil, can only be avoided by a change of the law itself, to be effected by legislative, and not judicial action.

1. In the construction of statutes, where the intention is clear and explicit, and its provisions susceptible of but one interpretation, the evil, if

By section 151 of the Code, a defendant is express-ly permitted to set forth, in his answer, as many grounds of defense, whether legal or equitable, as he shall have; and by the ninth section it is provided, that where the action has been properly commenced by ordinary proceedings, either party shall have the right, by motion, to have any issue, which, before the adoption of the Code, was exclusively cognizable in chancery, tried in the manner prescribed in cases of equitable proceedings. The section first mentioned, gives the defendant the right to rely upon an equita-ble defense in an action by ordinary proceedings; and the section last mentioned, provides for the trial, in such a case, of the issues that may be made between the parties, by permitting either party, to have them transferred to the proper docket.

If the answer had not contained a sufficient equita-ble defense to the action, it might have been disregard-ed by the court, and a judgment rendered for the plaintiff. But when an answer is filed, containing a valid equitable defense, no judgment for the plaintiff can be rendered, until some disposition has been made of the answer; and the issues that may arise upon it, which are exclusively equitable in their character, are to be tried in the manner such issues were tried be-fore the adoption of the code.

The answer filed in this case contains a good equi-table defense to the action, inasmuch as it shows, if its statements be true, that the plaintiff should not be permitted to enforce the payment of the debt sued for. The motion to transfer the proceedings to the equity docket, should not have been overruled, nor any judgment rendered against the defendant.

Wherefore, the judgment is reversed, and cause re-manded for further proceedings in conformity with this opinion.

SHUCK, THURMAN, and HARDIN for plaintiff; WICK-LIFFE and HASKIN for defendant.

2. The Code of Practice, sec. 151, expressly authorizes a de-fendant, when sued by ordina-ry petition, to plead and rely upon an equita-ble defense; and by sec. 9, it is provided that in such case either par-ty may have the suit transferred for final adjust-ment to the equity docket.