Clarence O'SULLIVAN et al., Appellants,

v.

Alfred S. PORTWOOD et al., Appellees.

Court of Appeals of Kentucky.

Jan. 31, 1958.

Robert M. Spragens, Lebanon, for appellants.

Thomas P. Bell, Lexington, Lester H. Spalding, Lebanon, J. D. Buckman, Jr., Frankfort, for appellees.

WADDILL, Commissioner.

The appeal is from a judgment of the Franklin Circuit Court sustaining an order of the Alcoholic Beverage Control Board which granted appellees George and Carrico a retail package liquor license and a retail beer license for certain premises in the City of Lebanon.

Appellants urge that the licenses were unlawfully issued because the appellee George holds a federal wholesale liquor dealer's license without possessing the corresponding requisite state license. To support their contention, they rely upon KRS 243.020(2), which provides:

"The holding of any permit from the United States Government to traffic in alcoholic beverages without the corresponding requisite state and local licenses shall in all cases raise a prima facie presumption that the holder of the United States permit is unlawfully trafficking in alcoholic beverages."

The applications for the licenses in question were approved by the local administrator as required by KRS 243.370. When the applications were filed with the A.B.C. Board in accordance with KRS 243.380, the appellants, who operate a retail liquor business in Lebanon, protested against the issuance of the licenses on the identical ground asserted on this appeal.

At the hearing before the A.B.C. Board it was shown that appellee George held a federal wholesale liquor permit without possessing a similar state license. However, an agent of the Board testified that appellee George had not been convicted of violating any of the alcoholic beverage control laws. There was other proof to the effect that appellee George had complied with the regulations of the Board.

Since the proof introduced before the Board rebutted the statutory presumption that appellee George was unlawfully trafficking in alcoholic beverages, the objection raised to the issuance of these licenses was proven to be without merit. Therefore, the judgment of the circuit court upholding the order of the Board was correct.

Judgment affirmed.