**Raymond HAGGARD, Appellant,**

v.

**CITY OF DAYTON et al., Appellees.**

Court of Appeals of Kentucky.

April 19, 1974.

Peter F. Beasley, Cobb, Combs, Beasley & Oldfield, Covington, Morris Weintraub, Newport, for appellant.

Bruce Henneberg, Bernard J. Balu, Kurt J. Meier, Newport, for appellees.

CULLEN, Commissioner.

Raymond Haggard, proprietor of Mike's Cafe in the City of Dayton, Kentucky, made application in May 1973 for renewal of the distilled spirits and malt beverage licenses he held for the cafe premises. His application for renewal of his *city* licenses was approved by the city alcoholic beverage control administrator and on the basis of that approval his *state* licenses were renewed in accordance with KRS 243.370. However, on June 29 Haggard received the following letter from the city clerk-treasurer of Dayton:

"This letter is to advise you that by action of the Board of Council, of the City of Dayton, Campbell County, Kentucky, and Mr. Edward Bosch, City Liquor Administrator, your application for the renewal of your City Beverage License (beer and whiskey) has not been approved.

"Your existing City of Dayton Beverage license expires June 30, 1973."

Haggard then brought the instant action in the Campbell Circuit Court, against the city, the city alcoholic beverage control administrator, and the city clerk-treasurer, demanding that the city be ordered to renew his licenses. The defendants moved to dismiss the complaint on the ground that the court did not have jurisdiction because Haggard's sole remedy was by appeal to the State Alcoholic Beverage Control Board under KRS 241.200. The circuit court sustained the motion and entered judgment dismissing the complaint. Haggard has appealed from that judgment.

KRS 241.200 makes provision for appeals to the state board from *orders* of a city alcoholic beverage control administrator, the appeals to be governed by KRS 243.550 to 243.590. Those statutes obviously contemplate an appeal upon the administrative aspects of the order, to provide a review of the administrative discretion of the city administrator.

In the instant case there was no formal order of the city administrator to appeal from—only the letter from the city clerk-treasurer making reference to a purported decision by the city administrator, in conjunction with the city council, not to approve the application for renewal of the licenses. If, however, the letter be treated as the equivalent of an order, the fact remains that the city administrator previously had approved the application and the state licenses had been renewed on the basis of that approval. Furthermore, the record indicates that the city administrator did not make a judgment decision on the facts in withdrawing approval, but simply deferred to the action of the city council, which he thought had the "final approval." So the question, as concerns the purported order of disapproval, is whether the city administrator had the legal authority to withdraw his approval, by deferment to the action of the city council, after the state licenses had been issued on the basis of that approval. That question is one of law, not of administrative discretion.

Under the circumstances, we think that judicial relief was not precluded. See Preston v. Meigs, Ky., 464 S.W.2d 271; Harrison's Sanitarium, Inc. v. Commonwealth, Dept. of Health, Ky., 417 S.W.2d 137. Accordingly, it is our opinion that the trial court erred in dismissing the complaint for lack of jurisdiction.

The judgment is reversed with directions for further proceedings in conformity with this opinion.

All concur.